IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CHARLES WILSON, #858320 | § |
| | § |
| v. | §   CIVIL ACTION NO. G-03-503 |
| | § |
| DOUG DRETKE, DIRECTOR | § |
| OF TDCJ-CID | § |

**REPORT AND RECOMMENDATION**

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Charles Wilson, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. Respondent has filed an Answer to Petitioner's writ asking that it be dismissed, and Petitioner has responded. Having carefully considered the Petition, the briefs, and the state records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd District Court of Matagorda County, Texas on January 7, 1999. Petitioner was found guilty of the possession of cocaine and was sentenced to life imprisonment. He did not file a timely Notice of Appeal. However, a Notice of Appeal was later filed by Petitioner's court-appointed appellate lawyer on March 19, 1999. *Ex parte Wilson*, 44,483-01 at 2. The appellate court dismissed the appeal for want of jurisdiction on April 8, 1999.

1

On December 17, 1999, Petitioner filed the first of two habeas writs in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. On remand for an evidentiary hearing, the trial court found that Petitioner had given oral Notice of Appeal at his sentencing but that the court failed to appoint appellate counsel until after the time for filing a written Notice of Appeal had expired. Consequently, the Court of Criminal Appeals granted Petitioner the right to an out-of-time appeal on September 20, 2000. Petitioner filed his appeal, which was denied on March 7, 2002. He then filed a Petition for Discretionary Review ("PDR"), which was refused on October 30, 2002. On February 24, 2003, Petitioner filed a second state writ challenging his conviction. The Court of Criminal Appeals denied it without written order on June 18, 2003. He then filed the instant writ in federal court on July 8, 2003.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to file his writ of habeas corpus in federal court within one year of the date on which the judgment becomes final or the time to appeal such judgment expires. 28 U.S.C. § 2244(d)(1)(A). The State contends that the instant Petition is time-barred by this limitations period. The State first argues that the time for seeking direct review of the conviction in this case expired on February 6, 1999, thirty days after sentencing. This is incorrect. That date fell on a Saturday. As the trial court itself found, Petitioner's Notice of Appeal was due on February 8, 1999. *Ex parte Wilson*, 44,483-01 at 2. Thus, the statutory period began on February 9, 1999. *Flanagan v. Johnson*, 154 F.3d 196. 202 (5th Cir. 1998).

The limitations period is tolled during the time a properly-filed application for post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner filed his first Article 11.07 writ on December 17, 1999. He had used up 312 of the limitations period's 365 days by that point.

The Fifth Circuit has held that when the Court of Criminal Appeals grants an out-of-time PDR, it re-initiates the direct review process and restores a habeas petitioner to the position he was in when he first had the right to file a PDR. *Salinas v. Dretke*, 354 F.3d 425, 429 (5th Cir. 2004). The same reasoning holds for granting a petitioner the right to file an out-of-time appeal. Under *Salinas*, the AEDPA's limitations period was tolled from the time Petitioner filed his Article 11.07 writ on December 17, 1999, to the time that seeking direct review of his conviction expired.

The Court of Criminal Appeals refused Petitioner's PDR on October 30, 2002, and the State contends that the AEDPA's limitations period began the next day. However, a conviction becomes final when the period for seeking a petition for writ of certiori with the United States Supreme Court expires even when, as here, Petitioner does not file such a writ. *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000).

Petitioner had ninety days, or until January 28, 2003, in which to file the writ. Sup.Ct.Rule 13(1). The limitations period then began on January 29, 2003 and ran until Petitioner filed his second Article 11.07 writ on February 24, 2003. An additional 27 days were used during this period. Petitioner had 26 days remaining to him, and the period began again on June 19, 2003, after the state writ was denied on June 18. Petitioner then filed his federal writ on July 8, 2003, six days before the AEDPA's period expired. The writ is therefore not time-barred.

The Court **RECOMMENDS** that Respondent's request that the instant habeas petition be dismissed as time-barred be **DENIED**.

The Clerk shall send copies of this Report and Recommendation to the parties by the means in place for transmission of same. Respondent shall have until **August 31, 2005** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on**

**file** in the Office of the Clerk.  The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this        17th          day of August, 2005.

John R. Froeschner
United States Magistrate Judge