IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES WILSON, #858320 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-503 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## ORDER

Before the Court is the Report and Recommendation entered by the Magistrate Judge on August 17, 2005 and the Respondent's Objections.  In its Motion, Respondent argues that the instant habeas corpus case is time-barred by the Antiterrorism and Effective Death Penalty's (" AEDPA") statute of limitations.  The Magistrate Judge recommends that the State's Motion be denied because Petitioner's underlying conviction did not become final until ninety days after the Court of Criminal Appeals refused his Petition for Discretionary Review (" PDR").  The State now argues for the first time that the ninety days in which a prisoner can file a Petition for Certiorari with the United States Supreme Court does not apply in this case.

Petitioner was granted an out-of-time right to appeal his conviction after he filed a habeas writ in state court.  As the Magistrate Judge well understood, a conviction becomes final in Texas only when the time for filing a Petition for Certiorari expires ninety days after a PDR is refused, but the AEDPA's statute of limitations is not tolled during this period following the denial of state habeas relief.  *U.S. v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999).  In *Salinas v. Dretke*, 354, F.3d 425, 429 (5th Cir. 2004), the Fifth Circuit stated

that when a prisoner is granted the right to file an out-of-time appeal – a right that arises under Texas' habeas law – " it reinitiates the direct review process and restores a habeas petitioner to the position he was in when he first had the right to file [an appeal]." The Magistrate Judge interpreted this language to mean that when Petitioner was restored to the direct appeal process, the statute of limitations was tolled until the ninety day period for seeking certiorari expired. The State alleges that Petitioner's conviction became final when his PDR was refused on October 30, 2002.

The Court agrees. In *Salinas*, the Fifth Circuit held under similar facts that a conviction becomes final for federal habeas purposes when the PDR is refused and does not include the ninety day period for seeking certiorari. *Salinas*, 354 F.3d at 428-29. Since the right to file an out-of-time appeal can only arise under Texas' habeas statute, the AEDPA's limitations period begins running immediately after a PDR is refused. *Id*. at 430. As the State argues, Petitioner's federal writ would be time-barred by the one-year limitations period under this scenario.

Nevertheless, the Court also finds that the facts of this case warrant equitable tolling of the AEDPA's statute of limitations. The trial court made the following findings of fact. Petitioner gave oral notice of his desire to appeal during his sentencing hearing on January 7, 1999. His trial attorney informed the court that a separate appellate lawyer should be appointed because Petitioner was indigent. The Notice of Appeal was required to be filed by February 8, 1999, but the trial court failed to appoint an appellate attorney until March 3, 1999, making any Notice of Appeal automatically untimely. Consequently, Petitioner was without counsel during the critical period from January 8, 1999, to March 3. *Ex parte Wilson*, No. 44,483-01 at 2-3. The appeal was subsequently dismissed for lack of jurisdiction, and Petitioner obtained the right to file an out-of-time appeal.

Equitable tolling is justified " if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). In this case, the trial court's failure to protect Petitioner's right to appellate counsel during the very time in which a Notice of Appeal had to be filed effectively deprived him of the right to file a timely appeal. This, in turn, prematurely started the running of the AEDPA's limitations period when the time to file an appeal expired on February 8, 1999. The Court therefore finds that Petitioner is entitled to equitable tolling from the date of his sentencing until the actual appeal was filed by his appellate attorney on March 19, 1999. *Ex parte Wilson*, No. 44,483-01 at 2.

The appeals court dismissed the appeal on April 8, 1999. Petitioner then had thirty days in which to file a PDR. Since that day fell on a Saturday, the time for filing a PDR expired on May 10, 1999, and the limitations period began on May 11. It then ran until Petitioner filed his first state habeas writ on December 17, 1999. Petitioner used up 221 of his 365 days during this period, leaving him 44 days to file his federal writ. The limitations period began again on October 31, 2002, the day after the Court of Criminal Appeals refused his out-of-time PDR. It ran until Petitioner filed his second state writ on February 24, 2003. Petitioner used up an additional 117 days in this period. The writ was denied on June 18, 2003, and the limitations period again ran from June 19 to the filing of the instant federal writ on July 8, 2003. Twenty days lapsed here, with a total of 358 of 365 days in the one-year period used. Petitioner's writ was therefore filed within the AEDPA's limitations period.

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds that, for the reasons stated herein, the Report and Recommendation is **ACCEPTED** insofar as it holds that Petitioner's writ is not time-barred by the AEDPA's one-year statute of limitations

period.

The instant case is referred back to the Magistrate Judge for further consideration.

Respondent shall file a Motion for Summary Judgment on the merits of Petitioner's claims by

**March 31, 2006**.

**IT IS SO ORDERED**.

**DONE** at Galveston, Texas this 8th day of September, 2005.


Samuel B. Kent
United States District Judge